IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of the Complaint of<br><br>KRISTRA INVESTMENTS, INC., et al.,<br><br>    Petitioners,<br><br>for exoneration from or limitation of liability.<br><br>_____/ | No. C 05-01074 SI<br><br>**ORDER DENYING CLAIMANTS' MOTION TO LIFT STAY AND ALLOW ACTION TO PROCEED IN STATE COURT AND TO PREVENT LIMITATION OF ACTION BASED ON ANY LONGSHORE CLAIM; AND GRANTING CLAIMANTS' MOTION TO INCREASE SECURITY GIVEN BY PLAINTIFFS** |

      Now before the Court is a motion brought by claimants in this matter. Claimants request that the Court: 1) lift its injunction and allow their state court lawsuit to proceed; 2) rule that plaintiffs are not entitled to exoneration from or limitation of liability under 46 U.S.C. § 184; and 3) order an appraisal of barge 004, the vessel on which claimants were allegedly injured. For the following reasons, the Court GRANTS claimants' request for appraisal of the barge, and DENIES the remainder of their motion.

**BACKGROUND**

      Claimants are Jeff Schelby and Dennis Dougherty. According to the pleadings, on April 23, 2004, both Schelby and Dougherty were working on a barge in San Francisco Bay. Schelby and Dougherty were working inside a man basket that was suspended by a crane attached to the barge. At some point, the crane allowed the man basket to drop 15 to 30 feet, injuring both Schelby and Dougherty.

      Schelby, Dougherty, and their spouses brought suit in state court against the owners of the barge, seeking compensation for their injuries. Petitioners, the defendants in the state-court action, subsequently filed

this action, seeking to limit their liability to the value of the barge pursuant to 46 U.S.C. § 184.[1] On March 23, 2005, this Court issued an injunction, which prevented the continued prosecution of claimant's state court action. Claimants then filed an answer, asserting a number of claims against petitioners, including one claim for negligence under 33 U.S.C. § 905(b).[2]

## DISCUSSION

Claimants raise two issues in their motion.[3] First, they argue that their claim under 33 U.S.C. § 905(b) is exempt from the limitation on liability established by 46 U.S.C. App. § 184. Second, claimants request that the Court order an appraisal of the barge, its equipment, and cargo at the time of the incident to determine a proper valuation for the limitation action.

Claimants' first argument is based upon 33 U.S.C. § 948, which states: "Nothing in sections 183, 184 to 186, 188, or 189 of Title 46, Appendix, shall be held to limit the amount for which recovery may be had . . . (2) in any proceeding for compensation, any addition to compensation, or any civil penalty." Claimants argue that their section 905(b) claim is both an "addition to compensation" and a "civil penalty."

33 U.S.C. § 948 was enacted as part of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), which created a comprehensive system of workers' compensation insurance for maritime workers. The LHWCA does not define "addition to compensation" or "civil penalty." It does, however, define "compensation" as "the money allowance payable to an employee or to his dependents as provided for in this chapter, and includes funeral benefits provided therein." 33 U.S.C. § 902(12).

Neither the parties nor the Court have uncovered a single case that has considered whether an action

---

[1] 46 U.S.C. App. § 184 is part of the Limitation Act, which Congress passed in 1851 "to encourage ship-building and to induce capitalists to invest money in this branch of industry." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446, 121 S. Ct. 993, 1000 (2001) (internal quotation marks omitted). To achieve this goal, the Act "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Id.*

[2] When a maritime worker is injured due to "negligence of a vessel," 33 U.S.C. § 905(b) allows an injured maritime worker to bring an action against the vessel as a third-party defendant under 33 U.S.C. § 933.

[3] Claimants originally requested that the Court lift its injunction and allow their state-court action to proceed against petitioners. In their reply brief, however, plaintiffs concede that this Court may not do so because a number of potential interested parties are not included in this action.

under section 905(b) constitutes an action for "addition to compensation" or a "civil penalty." Some courts, however, have considered 905(b) claims in the context of limitation actions without considering whether 33 U.S.C. § 948 applies. *See, e.g.*, *Ray v. Lykes Bros. S.S. Co.*, 805 F.2d 552 (5th Cir. 1986).

The Court believes there is good reason for this dearth of authority. Calling a civil negligence action an "addition to compensation" or a "civil penalty" is strained at best. Indeed, it would be illogical to refer to a 905(b) action as an "addition to compensation" when an employee's "compensation" is reduced by any amount recovered through such an action. *See* 33 U.S.C. 933(f) (providing that, where employee recovers from a third party, amount of compensation is reduced by the amount of recovery). In addition, referring to a civil action for negligence as a "civil penalty" is clearly at odds with the common meaning of that term. The far more likely explanation of Congress's intent was that both phrases refer to 33 U.S.C. § 914, which authorizes both additions to compensation and civil penalties in language that parallels the language of section 948. *See* 33 U.S.C. § 914(e) (". . . an amount equal to 10 per centum [of an installment payment of compensation] shall be paid at the same time as, *but in addition to*, such installment") (emphasis added); 33 U.S.C. § 914(f) (where compensation payment made under terms of award is more than ten days late, 20% of payment shall be added and "shall be paid at the same time as, *but in addition to*, such compensation") (emphasis added); 33 U.S.C. § 914(g) (creating "civil penalty" in the amount of $100 when employer fails to notify Secretary of Labor that payment of compensation has been completed). Thus, the Court rejects claimants' argument that 33 U.S.C. § 948 bars petitioners' limitation action.

The second issue raised in claimants' motion concerns the value of the barge on which they were injured. Claimants dispute petitioners' contention that the value of the barge is $700,000. They have requested that the Court order an appraisal of the vessel, its equipment, and its cargo at the time of the incident. Petitioners have not objected to this request. Thus, the Court will direct the Clerk to enter an order for appraisal pursuant to Admir. L.R. 7-2.

## CONCLUSION

For the foregoing reasons, claimants' motion to lift the injunction and to prevent limitation of action is

DENIED, while claimants' motion to increase security is GRANTED (Docket No. 16). The Clerk is directed to enter an order for appraisal pursuant to Admir. L.R. 7-2.

**IT IS SO ORDERED.**

Dated: November 7, 2005

SUSAN ILLSTON
United States District Judge

4